IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY B. O'BRIEN LLC,

                Plaintiff,

v.                                          ORDER

DAVID KNOTT and                            18-cv-684-jdp
EMRACE WELLNESS LLC,

                Defendants.

---

Plaintiff Timothy B. O'Brien LLC is apparently willing to dismiss its claims, at least if the dismissal is without prejudice and with each party bearing its own expenses. Dkt. 61. But defendants would like the dismissal to be *with* prejudice, and they ask the court to award them their attorney fees. Dkt. 62.

Let's begin by sorting out some confusion caused by O'Brien's filing. The filing is labelled a "Stipulation of Dismissal," and the attached proposed order refers to a stipulation of the parties. But defendants have not stipulated to anything. Both sides cite "Rule 41(a)(ii)," but there is no such rule. The parties seem to have blended Rule 41(a)(1)(A)(ii), relating to dismissals by stipulation, and Rule 41(a)(2), relating to dismissals under a court order. Rule 41(a)(2) is the applicable rule here.

So what we really have is O'Brien's motion to dismiss, which the court can grant "on terms that the court considers proper." O'Brien's claims have been significantly litigated: the court has heard and decided O'Brien's motion for preliminary injunction. See Dkt. 48 (denying the motion). At this point, any dismissal under Rule 42(a)(2) would be with prejudice. The court will give O'Brien the chance to withdraw the motion if it will not accept dismissal with prejudice.

Defendants say they would not object to a with-prejudice dismissal of O'Brien's claims, so long as the court decides defendants' motion for attorney fees. Dkt. 63. Defendants contend that they are entitled to attorney fees under 15 U.S.C. § 1117(a) and 17 U.S.C. § 505, which give the court discretion to award attorney fees in cases under the Lanham Act and the Copyright Act respectively. The court will, as defendants ask, set a briefing schedule on the attorney fee motion (see below for the dates). Note well: each side's brief is strictly limited to no more than ten pages. Defendants should not submit documentation of their fees until the court decides whether they are entitled to an award of fees. (If O'Brien withdraws its motion to dismiss, the court will deny defendants' motion for attorney fees without prejudice.)

And there is the matter of the counterclaims. Defendant David Knott has filed a state-law counterclaim for retaliation, and both defendants have filed a state-law counterclaim for tortious interference. Dkt. 28. The counterclaims have not been significantly litigated, and the only basis for the court's jurisdiction over them is supplemental jurisdiction as provided in 28 U.S.C. § 1367. As provided under § 1367(c)(3), the court will decline to exercise supplemental jurisdiction over defendants' counterclaims if O'Brien's claims are dismissed, because those claims are the only ones that gave this court original jurisdiction in the first place. The general rule that a district court should relinquish supplemental jurisdiction over state-law claims when the federal claims are dismissed before trial. *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). There are exceptions to the general rule, but none apply here. The court will not order O'Brien to reimburse defendants for the state-court filing fees or the expense of preparing a state-court complaint.

A last observation. This is one of those business disputes that has a personal dimension that has left both sides feeling wronged. But on both sides are small businesses that can ill afford to spend more time and money on this litigation, which holds little promise of a sizeable recovery for anyone. Accordingly, the court will require the parties to confer with Magistrate Judge Oppeneer, at least by phone, before they brief defendants' motion for attorney fees.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy B. O'Brien LLC's must respond to this order by January 28, 2019, to indicate whether it is withdrawing its motion to dismiss, Dkt. 61, or whether it will accept dismissal of its claims with prejudice.

2. The parties must confer with Judge Oppeneer, at least by phone, by February 8, 2019.

3. If plaintiff has not withdrawn its motion to dismiss, then defendants will have until February 18, 2019, to file a brief, of no more than ten pages, in support of their motion for attorney fees. Plaintiff's response, also limited to ten pages, will be due February 25, 2019. Defendants should not submit documentation of its fee request until the court decides the merits of their request for fees.

Entered January 23, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge